IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

JACK FARMER,                )
                            )
            Plaintiff,      )
                            )
        v.                  )   No. 12-5086-SSA-CV-SW-MJW
                            )
CAROLYN W. COLVIN,          )
Acting Commissioner,        )
Social Security Administration, )
                            )
            Defendant.      )

## **ORDER**

Plaintiff Jack Farmer seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on August 20, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

> Commissioner's decision as well as evidence that supports it. As long as
> substantial evidence in the record supports the Commissioner's decision, we may
> not reverse it because substantial evidence exists in the record that would have
> supported a contrary outcome or because we would have decided the case
> differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff Jack Farmer was born in October 1956. Plaintiff alleges disability due to vision and hearing problems, arthritis, hernia, and mood disorder. A hearing was held before an administrative law judge (ALJ) on March 18, 2011, with the ALJ issuing an unfavorable decision. Plaintiff filed an appeal to the Appeals Council on May 2, 2011, and that request for review was denied on June 22, 2012. Accordingly, the decision of the ALJ stands as the final decision of the Commissioner.

The ALJ's decision found that plaintiff suffered from the following severe impairments: degenerative disease of the cervical and lumbar spine, history of right knee scope, hernia repair, and mood disorder. The ALJ went on to determine that plaintiff's impairments did not meet a

Listing under 20 C.F.R. Part 404, Subpart P, Appendix 1, and that plaintiff retained the residual functional capacity (RFC) to perform light work, except only frequent, not constant, bi-manual overhead reaching and moderate limitations in social functioning. Based on the RFC and the testimony of a vocational expert, the ALJ determined that plaintiff was capable of performing past relevant work as a dishwasher and inventory clerk. Accordingly, the ALJ determined plaintiff was not disabled as defined by the Social Security Act.

Plaintiff argues the ALJ erred in weighing the medical evidence and in determining plaintiff's RFC, in failure to conduct a proper credibility analysis, and in failure to compare correctly the physical and mental requirements of plaintiff's past work with the limitations of the RFC. The Commissioner argues the record shows plaintiff's mental impairments have stabilized with treatment and the medical evidence fails to confirm the allegedly disabling nature of plaintiff's physical limitations. The Commissioner further argues the ALJ properly analyzed plaintiff's past relevant work based on plaintiff's own testimony, and properly determined plaintiff could perform it. The Commissioner argues substantial evidence supports the ALJ's decision.

Upon review, this Court finds the ALJ's decision is supported by substantial evidence in the record as a whole.

First, the ALJ did not err in consideration of the medical record. The ALJ properly discussed the lack of objective evidence to support the severity of plaintiff's alleged impairments. A consultative physical examination was performed on November 21, 2009, which revealed no evidence of vision or hearing problems as alleged. Plaintiff had 20/20 vision without glasses and no apparent difficulty hearing. Plaintiff did have a small umbilical hernia noted, and some right shoulder restrictions as a result of adhesive capsulitis, and some foot pain due to Morton's neuroma. It was opined by the medical consultant that with proper treatment, such as physical therapy to restore range of motion in plaintiff's shoulder, and surgery for plaintiff's foot, these impairments could be resolved in less than twelve months. The ALJ also properly considered medical X-rays from 2010 which showed only mild degenerative changes, mild-to-moderate bone spurs and no acute findings. There was no error in the ALJ's consideration of the opinion of the consulting doctor, the objective medical tests, and plaintiff's overall limited

treatment for alleged physical impairments, in determining the severity of plaintiff's alleged physical impairments.

The ALJ also did not err in weighing the medical evidence as to plaintiff's allegations of mental problems. The ALJ gave valid basis for giving little weight to the opinions of Dr. Wilson and Nurse Wilczynski. The ALJ noted Dr. Wilson's medical source statement was completed fourteen months after his only visit with plaintiff, and was inconsistent with the record as a whole. An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007).

As to Nurse Wilczynski, the ALJ properly explained that the opinions of nurse practitioners are not given controlling weight. As a nurse practitioner, Nurse Wilczynski is not considered an "acceptable medical source" under the Code of Federal Regulations, but rather, is considered an "other medical source." 20 C.F.R. § 404.1513. As an "other medical source," the opinions of Nurse Wilczynski cannot establish the existence of a medically determinable impairment. See section 404.1513 (defining "acceptable medical sources" and "other medical sources"). Further, the ALJ has more discretion and is permitted to consider any inconsistencies found within the record when evaluating "other medical sources." Raney v. Barnhart, 396 F.3d 1007, 1010 (8th Cir. 2005). See also Sloan v. Astrue, 499 F.3d 883, 888 (8th Cir. 2007) (discussing "other medical sources" and weight given to their opinions). Here, the ALJ discussed the opinion of Nurse Wilczynski as inconsistent with the record as a whole, and noted the limited time frame that Nurse Wilczynski saw plaintiff. The ALJ also properly noted that during this limited time frame, plaintiff was dealing with situational life stressors, specifically the death of his girlfriend. Situational stress does not support a permanent mental health disability.

Finally, the ALJ properly considered that the medical records show plaintiff's mental health symptoms were controlled by medication, see Collins ex rel. Williams v. Barnhart, 335 F.3d 726, 729-30 (8th Cir. 2003) (impairments that are controllable by medication do not support a finding of total disability), and would continue to improve with sustained proper treatment.

The ALJ did not err in assessing plaintiff's credibility. As set forth above, plaintiff claimed disability due to hearing and vision loss among other impairments, but the record clearly shows plaintiff has no vision or hearing impairments. Further, the ALJ properly noted the lack

of objective medical evidence to support the severity of plaintiff's alleged impairments.  See Gonzales v. Barnhart, 465 F.3d 890, 895 (8th Cir. 2006) (an ALJ may determine that subjective pain complaints are not credible in light of objective medical evidence to the contrary). Credibility findings are for the ALJ to make in the first instance, and here, the ALJ gave good reasons for doing so.[2]  Accordingly, the ALJ's decision is entitled to deference.  Finch v. Astrue, 547 F.3d 933, 935-36 (8th Cir. 2008).

The ALJ did not err in determining plaintiff's RFC.  The residual functional capacity is the most a claimant can do despite his physical and mental limitations.  20 C.F.R. § 416.945(a). When determining the claimant's RFC, the ALJ must consider all relevant evidence, but ultimately the determination of the claimant's RFC is a medical question.  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Here, the ALJ's RFC properly relied on the medical evidence of record and the record as a whole in determining plaintiff could do light work with some limitations to account for his credible impairments.

The ALJ did not err in determining plaintiff could do his past relevant work.  While the Dictionary of Occupational Titles may define plaintiff's past relevant work as medium work as it is typically performed, the ALJ properly relied on plaintiff's testimony at the hearing in determining that plaintiff could do his past relevant work as it was actually performed.[3]  This is a valid basis on which the ALJ can determine whether plaintiff could do his past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv) and 416.920(a)(4)(iv); SSR 82-61 (defining past relevant work).

Moreover, at step four, the ALJ may, but is not required to, consider a vocational expert's testimony in determining whether a claimant can perform his past relevant work.  See Flynn v. Astrue, 513 F.3d 788, 792 (8th Cir. 2008).  Here, the ALJ's reliance on plaintiff's own testimony and work history report to define his past relevant work was sufficient to allow the ALJ to make a determination as to plaintiff's ability to return to his past relevant work.  See SSR 82-62 (the claimant is the primary source for vocational documentation and statements by the claimant

---

[2] Among other valid reasons, plaintiff's poor work history supports the ALJ's credibility determination.

[3] Although the ALJ stated at the hearing that the plaintiff could perform his past jobs as generally performed, his discussion of the details of plaintiff's past jobs suggests that this was simply a misstatement and the ALJ meant to state that plaintiff could do the specific jobs he held in the past as actually performed.  Moreover, the ALJ properly discussed the RFC as compared to the demands of the specific jobs that plaintiff has held in the past.

regarding past relevant work are generally sufficient for determine the skill level, exertional demands and nonexertional demands of such work).

To the extent that plaintiff's past employment as a dishwasher might not have qualified as past relevant work because he did not perform the job at the substantial-gainful-activity level, this argument does not support reversal because the ALJ also determined that plaintiff could do his past relevant work as an inventory clerk, to which there is no dispute that this job is past relevant work.

## Conclusion

There is substantial evidence in the record as a whole to support the ALJ's decision that plaintiff is not disabled as defined by the Social Security Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed.

Dated this 26th day of August, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge